## MAHLON BATTON v. HANNAH BRADLEY.

In an action of debt upon articles of agreement between the plaintiff and defendant for the rent of a farm and mill for one year, and for the performance of which each was bound to the other in the sum of five hundred dollars, and which the defendant sold to another before the commencement of the term for which she had so agreed to rent the property, the plaintiff cannot recover damages exceeding five hundred dollars in any event, and they should not be greater than the actual amount of the precise loss and injury directly sustained by him by reason of the failure of the defendant to comply with the agreement.

THIS was an action of debt upon articles of agreement between Mahlon Batton and Hannah Bradley by which the latter agreed to rent to the former a certain farm and mill situated on it, for one year to commence on the 25th of March then next ensuing, for $528.00, and for the performance of which each was bound to the other in the sum of $500.00. In the month of January preceding the commencement of the term for which she had agreed to rent, the defendant sold the property and wrote a note to the plaintiff so informing him, and the action was for the breach of the agreement which was duly proved and put in evidence. The damages demanded was five hundred dollars, the amount specified in the agreement, and there was a contrariety of proof as to whether the plaintiff had sustained any actual damage, or not, by the breach of it.

*Dow,* (*D. M. Bates with him*), *for the defendant,* called the attention of the court to the fact that the articles of agreement were stamped with only a one dollar U. S. revenue stamp, whereas the act of Congress required that it should have been stamped with a one dollar and fifty cent stamp, and without which it expressly declared the instrument should be null and void.

*Gray, for the plaintiff.* The instrument was now before the jury and he would ask the court to charge them that the plaintiff on the evidence was entitled to recover, and that the measure of the damages should be the clear

amount which he would have been able to realize from the year's rent of the premises, if the agreement had been executed in good faith pursuant to its terms by each of the parties. After a brief conference between the counsel, it was arranged by consent that the court should charge the jury on the law of the case, except as to the sufficiency of the U. S. revenue stamp affixed to it, and that the verdict should be taken subject to all legal exceptions on that ground, with leave reserved to the defendant to move to set it aside, if in favor of the plaintiff, and to enter a judgment of nonsuit in the case.

*The Court, Gilpin, C. J., charged the jury*, that under the arrangement the plaintiff was unquestionably entitled to a verdict, but it could not be for more than five hundred dollars in any event, and should not be greater than the actual amount of the precise loss and injury which he had directly sustained by reason of the failure of the defendant to comply with the agreement.

The plaintiff had a verdict for one hundred dollars, and there ended the matter.